**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA ELKINS**

**MIDLAND RESOURCE RECOVERY, INC.**,

Plaintiff,

**v.** **Civil Action No. 2:17-cv-123 (BAILEY)**

**R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, in his official capacity, LOREN SWEATT, DEPUTY ASSISTANT SECRETARY AND ACTING ASSISTANT SECRETARY OF LABOR, OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, in her official capacity, and UNITED STATES DEPARTMENT OF LABOR, OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION,**

Defendants.

**ORDER ON HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

On the 16th day of October, 2017, the parties in the above-styled matter came before this Court for a hearing on Plaintiff's Motion for Preliminary Injunction [Doc. 1]. Plaintiff was present by counsel, Christopher A. Brumley, from Elkins via video teleconferencing. Defendants were present in person by Assistant United States Attorney Erin C. Tison and Judson H. Dean. The proposed intervenors were present in person by Frank E. Simmerman, Jr., Julie Vanneman, and Morgan J. Hanson.

On a previous day, this Court granted a Temporary Restraining Order, having preliminarily found the likelihood of immediate and irreparable harm to plaintiff if defendants were to proceed with interviews of Tom Keefer and other SPSI personnel without allowing

plaintiff notice or the ability to assert its attorney work product protections. Accordingly, this matter was set for a hearing on the Motion for Preliminary Injunction.

As an initial matter, this Court **GRANTED** movant, Specialized Professional Services, Inc. ("SPSI"), Motion to Intervene **[Doc. 24]**. Pursuant to Rule 24(a), "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). In addition, intervention as of right requires that the movant have standing to bring the proposed claim. ***Patterson v. Shumate***, 1990 WL 122240, at *2 (4th Cir. Aug. 27, 1990).

Having reviewed the above, this Court found that (1) the motion to intervene was timely, (2) that SPSI has a substantial legal interest sufficient to justify intervention, and (3) denial would impede SPSI's ability to defend its interest.

Next, this Court addressed the Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction or, in the Alternative, for Failure to State a Claim [Doc. 28]. Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). This Court **DENIED** the Motion **[Doc. 28]**. In so ruling, this Court noted that this matter involves a federal agency and deals with federal questions, including matters related to the Fifth and Sixth Amendments.

Having found proper jurisdiction, this Court reached the substance of the plaintiff's Motion. In order for MRR to obtain a preliminary injunction, it must show that (1) it is likely

to succeed on the merits, (2) that is it likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that an injunction is in the public interest. ***Real Truth About Obama, Inc. v. Federal Election Commission***, 575 F.3d 342 (4th Cir. 2009). After hearing argument from counsel, this Court **GRANTED IN PART** the Motion for Preliminary Injunction **[Doc. 1]** to the limited extent that OSHA shall not seek Christopher A. Brumley's "mental impressions, conclusions, opinions or legal theories . . ." at its interview of Tom Keefer. ***Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co.***, 967 F.2d 980, 984 (1992). This Court also instructed that Tom Keefer shall not disclose any of Attorney Brumley's work product to the extent that he might possess such information. This Court further ruled that Plaintiff Midland Resource Recovery, Inc. shall not be permitted to attend OSHA's interview of Tom Keefer. This Court noted that it would not likely be productive, and more importantly, would likely violate the laws surrounding OSHA's broad investigatory powers relating to such matters. In those regards, the Motion for Preliminary Injunction **[Doc. 1]** was **DENIED IN PART**.

In so ruling, this Court first held that the exceptional circumstances rule applied under the circumstances of this case. Using Rule 26 as a guide, there is a substantial need for the information Mr. Keefer possesses, and there appears to be no other means by which OSHA can obtain that information. Additionally, this Court recognized the problem MRR created when it allowed Mr. Keefer to wear two hats insofar as it hired Keefer to conduct investigative services and to decommission the remaining tanks. To the extent certain information was divulged during these services– especially to third parties including the WVDEP and CSB – the plaintiff likely waived its work product protection.

As a final matter, this Court inquired as to whether the parties had any objection to the Court's rulings. There being none, this Court adjourned the matter.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** October 17, 2017.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**